IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

EDWARD J. TOTH, OLGA K. TOTH, his wife,

        Plaintiffs,

v.

BOROUGH OF AMBRIDGE, PENNSYLVANIA, PAMELA CASKIE, individually and in her capacity as Borough Manager of the Borough of Ambridge, Pennsylvania,

        Defendants.

06cv1696
**ELECTRONICALLY FILED**

## MEMORANDUM ORDER

Before the Court is defendants' motions to dismiss plaintiffs' amended complaint (doc. no. 18), and plaintiffs' response in opposition thereto (doc. no. 21).

In deciding a motion to dismiss pursuant to Fed.R.Civ.P. Rule 12(b)(6), the Court accepts the well-pleaded factual allegations of the complaint as true, and draws all reasonable inferences therefrom in favor of the plaintiff. *Armstrong Surgical Center, Inc. v. Armstrong County Memorial Hospital*, 185 F.3d 154, 155 (3d Cir. 1999). A claim should not be dismissed for failure to state a claim unless it appears beyond a doubt that the non-moving party can prove no set of facts in support of its allegations which would entitle it to relief. *Conley v. Gibson,* 355 U.S. 41, 45-46 (1957); *Marshall-Silver Construction Co. v. Mendel*, 894 F.2d 593, 595 (3d Cir. 1990). In making this determination, the Court must construe the pleading in the light most favorable to the non-moving party. *Budinsky v. Pennsylvania Dept. of Environmental Resources*, 819 F.2d 418, 421 (3d Cir. 1987).

In addition, the Court may consider allegations contained in the complaint, exhibits attached to the complaint, and matters of public record. *City of Pittsburgh v. West Penn Power Co.*, 147 F.3d 256, 259 (3d Cir. 1998), *citing Pension Benefit Guar. Corp. v. White Consol. Indus.*, 998 F.2d 1192, 1196 (3d Cir.1993) ("a court may consider an undisputedly authentic document that a defendant attaches as an exhibit to a motion to dismiss if the plaintiff's claims are based on the document. Otherwise, a plaintiff with a legally deficient claim could survive a motion to dismiss simply by failing to attach a dispositive document on which it relied."). *See* Fed.R.Civ.P. 10(c) ("A copy of any written instrument which is an exhibit to a pleading is a part thereof for all purposes."); *Rose v. Bartle*, 871 F.2d 331, 339-340 (3d Cir. 1989) (lease agreement attached to complaint is part of the pleading for all purposes).

Further, as the United States Court of Appeals for the Third Circuit more recently stated in *Menkowitz v. Pottstown Memorial Medical Center*, 154 F.3d 113, 124-25 (3d Cir.1998):

> Just as a pleading must "be construed as to do substantial justice," Fed.R.Civ.P. 8(f), *see also Conley*, [355 U.S. at 47-48], a plaintiff generally need not explicitly allege the existence of every element in a cause of action if fair notice of the transaction is given and the complaint sets forth the material points necessary to sustain recovery. *See* 5 Charles Alan Wright & Arthur R. Miller, Federal Practice & Procedure § 1216, at 154-162 (2d ed.1990). This is especially so if the material deficiencies in the complaint stem from nothing more than inartful pleading--the precise sort of pleading as a highly developed form of art that the federal rules sought to abandon. *See Conley*, 355 U.S. at 48, 78 S.Ct. 99. Simply put, the complaint will withstand a Fed.R.Civ.P. 12(b)(6) attack if the material facts as alleged, in addition to inferences drawn from those allegations, provide a basis for recovery.
>
> Viewed in light of the forgoing liberal pleading standards, this Court simply cannot

say, at this early stage of the proceedings, that plaintiffs will be able to state no set of facts to support their civil rights -- substantive due process and equal protection -- claims against the Borough of Ambridge, Pamela Caskie, and the John and Jane Doe defendants, brought pursuant to 42 U.S.C. § 1983.[1]

Plaintiffs' Amended Complaint eliminated any state law claims, so to the extent the Motion to Dismiss seeks dismissal of said claims, it is at least moot, if not a *non sequitur*. To the extent the motion to dismiss seeks to dismiss plaintiffs' "allegations" about what had initially been pled in the removed state court complaint as state law claims, Motion to Dismiss at 4,5, there is no provision in the Federal Rules of Civil Procedure for striking merely superfluous "allegations" that flesh out the claims made in more detail than is necessary under notice pleading,[2] and the Court declines to consider dismissing such "allegations."

In land-use cases, only executive action that "shocks the conscience" constitutes a substantive due process violation. *County of Sacramento v. Lewis*, 523 U.S. 833, 846 (1998); *United Artists Theatre Circuit, Inc. v. Twp. of Warrington*, 316 F.3d 392, 401 (3d Cir. 2003); *Eichenlaub v. Twp. of Indiana*, 385 F.3d 274, 285 (3d Cir. 2004). This standard's stringency reflects maintenance of the proper proportions of constitutional, as

---

[1] The Court deems plaintiffs' reference to the "Fourth and Fourteenth Amendments," Amended Complaint, ¶ 49 and Prayer for Relief, at 16, to be inadvertent; plaintiffs' substantive due process and equal protection claims are properly raised pursuant to the *Fifth* and Fourteenth Amendments, and the Court will treat them as such.

[2] Only "redundant, immaterial, impertinent, or scandalous matter" may be stricken from pleadings, Fed.R.Civ.P. 12(f), none of which are applicable to the allegations of plaintiffs' Amended Complaint.

opposed to ordinary tort, violations. *Lewis*, 523 U.S. at 847 n. 8. Application of the "shocks the conscience" standard in this context also prevents us from being cast in the role of a "zoning board of appeals." *United Artists,* 316 F.3d at 402 (quoting *Creative Env'ts, Inc. v. Estabrook*, 680 F.2d 822, 833 (1st Cir. 1982)).

Traditionally, equal protection claims have been limited to plaintiffs who allege that they are members of a protected class that has been denied equal protection of the law. See, e.g., *Lawrence v. Texas*, 539 U.S. 558, 584 (2003); *Keenan v. City of Philadelphia*, 983 F.2d 459, 465 (3d Cir.1992). However, defendants overlook the "class of one" theory of equal protection, which does not require such invidious discrimination.

In *Village of Willowbrook v. Olech*, 528 U.S. 562 (2000), the Supreme Court held that single individuals or entities who are not alleged to be members of a protected class can bring an equal protection claim under a theory of "class of one." *Id*. at 564 (per curiam). "Class of one" equal protection claims require that "the individual plaintiff alleges intentional and disparate treatment compared to others similarly situated and that there is no rational basis for the difference in treatment." *Id*. See also *Strain v. Bor. of Sharpsburg*, 2006 WL 2087497, *5 (W.D.Pa 2006) (citations omitted) ("A plaintiff asserting a 'class of one' claim must show that: (1) defendants, acting under color of state law, intentionally treated plaintiff differently from others similarly situated; and there was no rational basis for the difference in treatment."); *Montanye v. Wissahickon School Dist.,* 327 F.Supp.2d 510 (E.D.Pa. 2004) (numerous case omitted) ("to proceed on a 'class of one' theory in an equal protection claim, a plaintiff must allege sufficient facts demonstrating that: (1) defendants, acting under color of state law, intentionally treated plaintiff differently from others

similarly situated and that (2) there is no rational basis for the difference in treatment.")

The facts averred in plaintiffs' complaint are taken as true for purposes of the motion to dismiss, with all reasonable inferences therefrom drawn in favor of plaintiffs. Under that standard and the law of substantive due process and "class of one" equal protection as outlined above, there is no doubt that plaintiffs have stated cognizable civil rights claims. Defendants' motion to dismiss will, therefore, be denied.

Accordingly,

**AND NOW, this 9th day of March, 2007,** after due consideration of defendants' motions to dismiss the amended complaint, plaintiff's response thereto, and the memoranda of law in support and in opposition thereto, **IT IS HEREBY ORDERED** that defendants' motion to dismiss the amended complaint (doc. no. 18) **IS DENIED** without prejudice to defendants' raising the issues set forth therein in a motion for summary judgment at the appropriate time following discovery.

s/Arthur J. Schwab  
Arthur J. Schwab  
United States District Judge

cc:    All counsel of record